**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**PHILLIP GRANT,**                            :
                                              :     Civil Action No. 14-3358 (ES)
            **Plaintiff,**                    :
                                              :
            v.                                :     **OPINION**
                                              :
**S.C.O. DELAROSA, et al.,**                  :
                                              :
            **Defendants.**                   :
_____:

**SALAS, DISTRICT JUDGE**

Plaintiff Phillip Grant ("Plaintiff"), a prisoner currently confined at Northern State Prison in Newark, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Amended Complaint.

At this time, the Court must review the Amended Complaint,[1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Amended Complaint should proceed in part.[2]

---

[1] *See* D.E. No. 9 ("Am. Compl.").
[2] The Court previously entered an Order administratively terminating this action for failure to submit a complete *in forma pauperis* application. (D.E. No. 5, Order). The Court also severed the allegations in the original Complaint into three separate cases. (*Id.*). The instant action was to consist of the claim for excessive force against Defendant Delarosa on April 10, 2013 and two newly-created civil cases were to address the July 30, 2013 excessive force incident at Bayside State Prison and the October 29, 2013 excessive force incident at Northern State Prison, respectively. (*Id.*). However, in his Amended Complaint, Plaintiff alleges that all the incidents are related and should remain together in one case. (Am. Compl. at 5).

**I. BACKGROUND**[3]

On April 25, 2013, Plaintiff states that he was transferred from East Jersey State Prison to Bayside State Prison. (Am. Compl. at 2). On May 16, 2013, Plaintiff sent a letter to the "Commissioner" informing him about the "physically assaulted [sic] incident" that occurred at East Jersey State Prison by S.C.O. Delarosa. (*Id.*). On July 2, 2013, Plaintiff alleges that he met with Special Investigations Division Staff member Mr. Williams regarding the letter Plaintiff sent to the Commissioner. (*Id.*). Mr. Williams tried to convince Plaintiff to lie about the complaint he made to the Commissioner, which Plaintiff refused to do. (*Id.*). Plaintiff states that while he was in the meeting with Mr. Williams, "Lieutenant" was looking at him "real aggressively." (*Id.*). Plaintiff expressed concern about retaliation as a result of the grievance, but Mr. Williams assured him that there would be none. (*Id.*). As a result, Plaintiff wrote out a statement pursuing charges against S.C.O. Delarosa. (*Id.*).

On July 29, 2013, Plaintiff called the Ombudsman office and expressed concern that "L.T. and Officers" were going to set him up and physically assault him. (*Id.*) On July 30, 2013, Mr. Williams and S.C.O. Canionl "set [Plaintiff] up with a bogus charge that opened the door for S.C.O. Canionl and assisting officers to physically assaulted [sic] [him]." (*Id.* at 3). On August 1, 2013, the hearing officer found Plaintiff not guilty of the "708 infraction" and informed him that he was being transferred back to Bayside Prison. (*Id.*). Plaintiff tried to explain that he was in fear for his life because Mr. Williams and S.C.O. Canionl both work at Bayside, but the hearing officer then found him guilty of a "254 disciplinary infraction."[4] Plaintiff was transferred to

---

[3] The following factual allegations are taken from the Amended Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.
[4] Plaintiff does not provide any information as to the meaning of a "708" or "254" disciplinary infraction.

Administrative Segregation at Northern State Prison to serve his ninety day sanction. (*Id.*). On October 29, 2013, Plaintiff was released from Administrative Segregation and he was "then physically assaulted and sexually humiliated" by Northern State Prison Supervisor Enzo and officers. (*Id.*). After the "Lieutenant" stopped Sergeant Enzo from choking Plaintiff, the "Lieutenant" put handcuffs on Plaintiff "real tight" and transferred him back to Bayside Prison. (*Id.* at 4). As a result of the tight handcuffs, Plaintiff alleges that he could not feel his hands and feet and to this day, it still feels numb occasionally. (*Id.*).

Based on his previously filed complaint, Plaintiff alleges that he was placed in temporary close custody at Bayside. (*Id.*). On October 30, 2013, "one of the supervisor [sic] that was involved in the incident occurring on July 30, 2013 gave [Plaintiff] another 254 infraction" and he was transferred to South Woods State Prison. (*Id.*). On November 1, 2013, the "same hearing officer" found Plaintiff guilty of another 254 infraction and he was transferred back to the Administrative Segregation Unit at Northern State Prison. (*Id.*).

Plaintiff does not identify what relief he is seeking.

## II. DISCUSSION

### A. *Legal Standard*

#### 1. Standards for a *Sua Sponte* Dismissal

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[5] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

2. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[5] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

    B. *Analysis*

        1. Excessive Force

For a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must show that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

> In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (internal quotation marks and citation omitted). Verbal threats or taunts are not sufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (per curiam) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment.") (citations omitted).

Plaintiff has alleged three incidents of excessive force: (1) the July 30th incident involving S.C.O. Canionl and assisting officers; (2) the October 29, 2013 incident with Supervisor Enzo; and (3) the "Lieutenant" handcuffing Plaintiff on October 29th.[6]

---

[6] Plaintiff also makes reference to an incident with S.C.O. Delarosa at East Jersey State Prison, but Plaintiff does not provide any details about this altercation in his Amended Complaint. Although the original Complaint provided

5

With regard to the July 30th incident, Plaintiff alleges only that he was physically assaulted by S.C.O. Canionl and assisting officers. He provides no further information as to what actually occurred and under *Iqbal*, Plaintiff has failed to allege sufficient factual matter to allow this claim to proceed.

With regard to the October 29, 2013 incident, Plaintiff first alleges that Defendant Enzo choked him and the "Lieutenant" had to physically stop Defendant Enzo. (Am. Compl. at 4). Taking those allegations as true, Plaintiff has provided sufficient facts to suggest that the force was maliciously and sadistically used to cause harm. The Court will allow the excessive force claim against Defendant Enzo to proceed.

Plaintiff also alleges that the "Lieutenant" had some unidentified officers place the handcuffs on him "real tight" for the duration of the trip from Northern State Prison to Bayside State Prison. (*Id.*). As a result, when he arrived at Bayside, he did not have feeling in his hands or feet. (*Id.*). None of the allegations in Plaintiff's Amended Complaint indicate that the handcuffs were placed on Plaintiff to maliciously and sadistically cause harm. Rather, it appears that the handcuffs were properly placed on Plaintiff for the trip from Northern State Prison to Bayside State Prison and the handcuffs were simply too tight. Plaintiff does not allege that he informed anyone that the handcuffs were too tight, or that he sought medical attention for any injuries thereafter. In short, Plaintiff does not allege any facts in his Amended Complaint which would support a finding that the officers maliciously and sadistically used excessive force when

---

further details about this incident, "the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotation marks and citations omitted). If Plaintiff wishes to include a claim for excessive force based on the incident with S.C.O. Delarosa, he must file a motion to amend the complaint.

placing the handcuffs on him.  *See Hudson*, 503 U.S. at 7; *Fears v. Beard*, 532 F. App'x 78, 82 (3d Cir. 2013).   This claim will be dismissed without prejudice.

      2.  Retaliation

It appears that Plaintiff is alleging that he was subjected to retaliation by Mr. Williams and S.C.O. Canionl due to the complaint he filed about S.C.O. Delarosa.[7]

Retaliation against a prisoner based on his exercise of a constitutional right violates the First Amendment.  *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citing *Mitchell v. Horn*, 318 F.3d 523, 529-31 (3d Cir. 2003); *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001); *Allah v. Seiverling*, 229 F.3d 220, 224-26 (3d Cir. 2000).  To state a First Amendment retaliation claim, a plaintiff must allege (1) that he was engaged in constitutionally protected conduct; (2) he suffered some adverse action at the hands of the prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action.  *Bistrian*, 696 F.3d at 376 (citing *Rauser*, 241 F.3d at 333).

Here, Plaintiff alleges that on July 30, 2013, he was "set up" with "bogus charges" and physically assaulted by Mr. Williams and S.C.O. Canionl.  (Am. Compl. at 3).  Plaintiff previously filed a grievance with Mr. Williams about an incident at East Jersey State Prison in which Plaintiff was assaulted by S.C.O. Delarosa.  (*Id.* at 2-3).  He also expressed his concern to Mr. Williams that he would be subjected to retaliation based on any grievance about S.C.O. Delarosa.  (*Id.* at 2).

---

[7] Based on the nature of Plaintiff's allegations, as discussed below, the Court reads the Amended Complaint to only state a retaliation claim against Defendants Williams and Canionl for the "bogus" charges and physical assault of Plaintiff.  To the extent the Court has misinterpreted Plaintiff's allegations and he in fact intended to raise different claims, he is advised that he should file a motion to amend the complaint.

With respect to the first prong, the filing of inmate grievances is a constitutionally protected activity. *See Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) ("[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity.").

With regard to the second prong, the Court finds that the filing of a disciplinary charge and physical assault were adverse action sufficient to deter a prisoner of ordinary firmness from exercising his constitutionally protected conduct in satisfaction of the second *Rauser* requirement. *See Allah*, 229 F.3d at 225.

For the third element of a retaliation claim, a plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse response. *See Velasquez v. Diguglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013) (citing *Carter v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002); *Rauser*, 241 F.3d at 333)). The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. *Krouse v. American Sterlizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

At this early screening stage, the Court finds that Plaintiff has established a sufficient causal connection to allow his retaliation claim to proceed. On July 2, 2013, Plaintiff met with Defendant Williams to discuss the complaint Plaintiff had previously made about S.C.O. Delarosa, a colleague of Defendants Williams and Canionl. (Am. Compl. at 2). Mr. Williams tried to convince Plaintiff to lie about the complaint against S.C.O. Delarosa, which Plaintiff refused to do. (*Id.*). Even at that time, Plaintiff expressed concern about retaliation as a result of the complaint, but Mr. Williams assured him that there would be none. (*Id.*). On July 29, 2013,

Plaintiff called the Ombudsman office and again expressed concern that "L.T. and Officers" were going to set him up and physically assault him. (*Id.*) Then, on July 30, 2013, just one day after he had expressed that concern to the Ombudsman's office, Mr. Williams and S.C.O. Canionl did in fact "set Plaintiff up" with "bogus charges" and he was subsequently physically assaulted by S.C.O. Canionl and assisting officers. (*Id.* at 3). Because the alleged retaliatory acts occurred just one day after Plaintiff expressed concern that he would suffer retaliation based on his complaint about S.C.O. Delarosa, as well as the fact that Defendant Williams was aware of the complaint about his colleague Delarosa and had even tried to dissuade Plaintiff from making said complaint, the Court finds that Plaintiff has alleged sufficient facts to meet the causal prong of the retaliation test. While the Court is aware that discovery may reveal that Plaintiff cannot in fact meet this third prong, at this early stage, accepting Plaintiff's allegations as true, the Court must allow the retaliation claim to proceed.

## III. CONCLUSION

For the reasons stated above, Plaintiff's excessive force claim against Defendant Enzo and retaliation claim against Mr. Williams and S.C.O. Canionl will be permitted to proceed. All other claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**