UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

January 5, 2016

**LETTER OPINION & ORDER**

Mr. Phillip Grant, Inmate: 314973
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Re:   Phillip Grant v. S.C.O. Delarosa
       Civil Action No. 2:14-cv-3358-ES-MAH

Dear Litigants:

Presently before the Court is a motion for reconsideration of the Court's October 20, 2015 Letter Opinion and Order denying Plaintiff pro se's application for pro bono counsel, filed under 28 U.S.C § 1915(e)(1).[1]  See Ltr. Op. and Order, Oct. 20, 2015, D.E. 18; Pl.'s Mot. for Reconsideration, Nov. 17, 2015, D.E. 22.  For the reasons set forth below, Plaintiff's request is denied.

Local Civil Rule 7.1(g) states that a Court may grant a motion for reconsideration only where the prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Local Civ. R. 7.1(g); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J.

---

[1] On December 29, 2015, the Court received what appears to be an identical application for reconsideration from Plaintiff pro se.  See D.E. 32.  This additional application largely reiterates the same arguments Plaintiff made in his original application.  It is unclear why Plaintiff filed the second reconsideration motion, but the Court denies it for the reasons set forth herein.

Plaintiff pro se has also filed what he titled a "Motion to Amend my Reconsideration of Assignment of Counsel."  See D.E. 31.  This submission appears to rely on similar factual assertions as Plaintiff's original motion, but includes a discussion of the factors under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  The Court has considered these submissions and denies Plaintiff's reconsideration motion for the reasons set forth herein.

1

1987); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Relief is not available under Local Rule 7.1(g) for a party seeking to merely reargue matters that the Court already addressed. Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

In the Court's letter-order disposing of the Plaintiff's first application for the appointment of counsel, the Undersigned considered the factors set forth in Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), and stated that the Plaintiff's claims do not appear to need intensive investigation or examination of witnesses and that the law that appears applicable to the plaintiff's complaints "well developed . . . and does not involve the legal complexity that requires representation by a lawyer."  Johnson v. De Prospo, No. 08-1813, 2009 WL 276098, at *2 (D.N.J. Feb. 5, 2009).  For these reasons, among others, the Court denied the plaintiff's application.

The Plaintiff's present application does not contain any additional information that would justify a reconsideration of the Court's decision denying him pro bono counsel.  Plaintiff argues that "without assistance of the courts Plaintiff complaints would have already been dismissed[,]" and that "without counsel plaintiff's 1983 action will not survive, because of plaintiff's inability to spell or read and comprehend what's going on with the proceedings and case law."  Pl.'s Certification in Supp. of Mot. for Reconsideration, Nov. 17, 2015, D.E. 22.  However, the Court already addressed the first Tabron factor in its original Letter Opinion and Order, regarding Plaintiff's ability to present his own case.  While Plaintiff notes his "inability to spell or read at a level high than grade school", the Court already determined that "his submissions are cogent and indicate that he can present the essential facts that form the basis of his case."  Therefore, there is no indication that there are new facts that warrant reconsideration of the Court's prior findings.

## Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to amend his reconsideration motion [D.E. 31], and has considered the amended version as well as the additional application [D.E. 32].  However, the Court denies Plaintiff's reconsideration motions [D.E. 22, 32].

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

2