## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
**PHILLIP GRANT,**                      :        **Civil Action No. 14-3358 (ES)(MAH)**
                                        :
        **Plaintiff,**                  :
                                        :
    **v.**                              :
                                        :        **REPORT AND RECOMMENDATION**
**S.C.O. DELAROSA, et al.,**            :
                                        :
        **Defendants.**                 :
_____:

This matter comes before the Court on this Court's April 12, 2019 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Order to Show Cause, April 12, 2019, D.E. 62. Plaintiff failed to file a response to the Order to Show Cause by April 30, 2019. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons set forth below, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I.    Background

On March 13, 2014, Plaintiff filed a Complaint against Defendants S.C.O. Delarosa, Sgt. Enzo, S.C.O. Williams, and S.C.O. Canionl alleging that he was physically assaulted by S.C.O. Delarosa while incarcerated at East Jersey State Prison. Compl., March 13, 2014, D.E. 1. Plaintiff alleges that on July 30, 2013, he "was assaulted by unknown officers at Bayside State Prison after he refused to submit a pat search." *See* Order, Oct. 21, 2014, D.E. 5, at ¶ 4 (citing Compl., March 13, 2014, D.E. 1, at ¶¶ 1, 3). Plaintiff further alleges that on October 29, 2013, he was "assaulted by unknown officers at Northern State Prison." *Id.* (citing Compl., March 13, 2014, D.E. 1, at ¶

3).  Plaintiff, however, "[did] not provide any further facts about [the] three incidents."  Order, Oct. 21, 2014, D.E. 5, at ¶ 5.

Plaintiff's Complaint further contained "unrelated allegations against disparate defendants that [were] not properly joined in a single complaint under Federal Rules of Civil Procedure 18 and 20."  *Id.* at ¶ 6.  Accordingly, on October 21, 2014, the District Court severed "this case into three separate actions[]" and stated that "the instant action will consist of the claim for excessive force against Defendant Delarosa . . ."  *Id.* at ¶ 11.  The District Court administratively terminated each action pending Plaintiff submitting proposed amended complaints asserting facts regarding the alleged incidents.  Order, Oct. 21, 2014, D.E. 5, at p. 6.

On September 3, 2015, the District Court directed the Clerk of the Court to file Plaintiff's Amended Complaint that was submitted on November 18, 2014,[1] thereby reinstating this matter (Civil Action Number 14-3358).  Order, Sept. 3, 2015, D.E. 12.

Between September 3, 2015, and September 26, 2017, Plaintiff applied for pro bono counsel, and his application was denied.  *See* In Forma Pauperis Application, Sept. 28, 2015, D.E. 16; Order, Oct. 20, 2015, D.E. 18.  Plaintiff moved for reconsideration and, one month later, filed a motion to amend his reconsideration motion.  *See* Motion for Reconsideration, Nov. 17, 2015, D.E. 22; Motion to Amend Reconsideration Motion, Dec. 29, 2015, D.E. 32.  The Court granted his motion to amend his reconsideration motion and considered both the amended and original motion for reconsideration.  Letter Opinion and Order, Jan. 5, 2016, D.E. 35, at 2.  However, the Court denied the motion for reconsideration.  *Id.*  Plaintiff also filed a motion to amend the

---

[1] *See* Opinion, September 3, 2015, D.E. 11, at 1 ("At this time, the Court must review the Amended Complaint, . . . ) (citing D.E. 9).

complaint, which the Court denied.  Pl. Mot. to Amend, Dec. 29, 2015, D.E. 30; Order, Feb. 4, 2019, D.E. 39.[2]

On September 26, 2017, the District Court issued a Notice of Call for Dismissal Pursuant to Local Civil Rule 41.1(a).  Not. of Call for Dismissal, D.E. 49.  On October 25, 2017, the District Court dismissed the matter without prejudice.  Order, Oct. 25, 2017, D.E. 50.

On April 23, 2018, Plaintiff filed a motion to reopen the case, which the District Court granted on October 17, 2018.  Order, Oct. 17, 2018, D.E. 58.  On January 22, 2019, Plaintiff filed another Notice of Change of Address, updating his address to 600 Broad Street, Newark, New Jersey, 07012.  Notice of Change of Address, Jan. 22, 2019, D.E. 59.

On March 14, 2019, Defendants served Interrogatories and a Notice to Produce on Plaintiff to the Broad Street, Newark, New Jersey address.  Defs. Status Report, Apr. 8, 2019, D.E. 61. There is no indication that these discovery demands were undelivered.  By letter dated April 8, 2019, the Defense informed the Court that Plaintiff had not responded to the discovery requests. *Id.*  There is no indication that Plaintiff ever subsequently answered the discovery requests.

The matter was scheduled for an in-person scheduling conference on April 11, 2019, and the parties were required to submit a status report to the Court by April 8, 2019.  Order, Mar. 5, 2019, D.E. 60.  There is no indication that Plaintiff was unaware of this conference or the Court's directive to file a status report.  Plaintiff, however, failed to file a status report by April 8, 2019, and failed to appear for the in-person scheduling conference on April 11, 2019.

_____

[2] The Court recognizes that, between March 28, 2017, and July 29, 2017, mail sent to Plaintiff was returned as undeliverable.  *See* D.E. 44, 48, 51, and 56.  However, it was not until September 21, 2018, that Plaintiff filed his first Notice of Change of Address with the Court. Notice of Change of Address, Sept. 21, 2018. D.E. 57.  *See* Local Civil Rule 10.1(a) (stating that "Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

Accordingly, this Court entered an Order to Show Cause on April 12, 2019, directing Plaintiff to show cause in writing no later than April 30, 2019, why his claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41.  Order to Show Cause, April 12, 2019, D.E. 62.  Defense counsel was directed to send a copy of the Court's April 12, 2019 Order to Plaintiff "at any and all mailing addresses and via email address that Defense counsel has for Plaintiff."  *Id.*  Defense counsel was further directed to "file a certification attesting to completion of same[] on or before April 18, 2019."  *Id.*

Although Defense counsel did not file the requisite certification, Plaintiff contacted this Court via telephone on or about May 15, 2019, and advised that he intended to respond to the Court's April 12, 2019 Order to Show Cause.  But, as of the date of this Report and Recommendation, Plaintiff has failed to show cause as to why the matter should not be dismissed, or otherwise contact the Court.

## II.    Legal Analysis

### A.    Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b).  Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*,

296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors).  No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met.  *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).  *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers.").  *See also OPTA Systems, LLC v. Daewoo Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case.  A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted).  Although not all of these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### B.    Consideration of the *Poulis* Factors

#### i.    The extent of the party's personal responsibility

In the instant case, Plaintiff failed to appear for the April 11, 2019, in-person conference. Plaintiff has further failed to comply with this Court's April 12, 2019 Order to Show Cause. There is no indication that Plaintiff was unaware of the April 11, 2019, in-person conference. Nor is there is any dispute that Plaintiff was aware of the Court's April 12, 2019 Order to Show Cause, as he contacted this Court via telephone on or about May 15, 2019, and advised that he intended to respond to the Court's April 12, 2019 Order to Show Cause.

However, Plaintiff still has not responded to the Court's April 12, 2019 Order to Show Cause.  Nor has he contacted the Court to explain his failure to comply or seek an extension of

time in which to do so.  Plaintiff has further failed to respond to Defendants' March 14, 2019 discovery demands.  As a result, this case, which originated in 2014, has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon this suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face.  However, at the same time, Plaintiff cannot contend that his failure to prosecute this matter is the fault of counsel.  *See, e.g., Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation.").

Moreover, Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of his failure to take basic action necessary to prosecute his claims, such as appearing before this Court for an in-person conference, responding to Court Orders, or explaining his inability to do either.  In any event, a *pro se* plaintiff is solely responsible for prosecuting his case.  *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.    Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries.  Prejudice is not limited to irreparable harm but may include depriving a party of necessary information or the ability to prepare for trial.  *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that

plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

This case is more than five years old and has yet to proceed to discovery. Plaintiff's consistent failure to comply with Court Orders has prevented this Court from entering a Pretrial Scheduling Order. Despite no such Order, Defendants served Plaintiff with discovery demands on March 14, 2019. To this date, there is no indication that Plaintiff has responded to same. Nor is there any indication that Plaintiff intends to respond in the future. In short, Plaintiff's failure to comply with Court Orders and respond to Defendants' discovery demands has prevented Defendants from obtaining necessary information to defend themselves.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Since the District Court reopened this case on October 17, 2018, Plaintiff has, by all appearances, abandoned prosecution of this matter. The record before the Court establishes that since the District Court reopened the matter, Plaintiff failed to submit a status report to the Court by April 8, 2019, and failed to appear for the April 11, 2019 in-person conference. Plaintiff further failed to respond to this Court's Order to Show Cause by April 30, 2019. Plaintiff also failed to respond to Defendants' March 14, 2019 discovery demands. Plaintiff has made no effort to comply with his obligations in prosecuting these claims, or responding to discovery, or explaining to the Court and defense counsel his inability to do so. Plaintiff did contact the Court on or about May 15, 2019, advising that he

would be filing a letter in response to the Court's April 12, 2019 Order to Show Cause. However, it has been more than six weeks since Plaintiff contacted the Court, and he has yet to file any such response. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its Orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2.

Accordingly, this factor also favors dismissal of Plaintiff's claims.

### iv.    Alternative Sanctions

This factor also favors dismissal for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain his inability to do so, strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v.    Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to appear for an in-person conference or comply with Court Orders. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)). Accordingly, this factor is neutral.

### III.    Conclusion

On balance, the pertinent *Poulis* factors weigh in favor of dismissal.  Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

**Date:  July 3, 2019**